Colin K. McCarthy, Esq. (Bar No. 215059)
Members of
LANAK & HANNA, P.C.
1851 East First Street, Suite 700
Santa Ana, CA 92705
Telephone: (714) 620-2350
Facsimile: (714) 703-1610
ckmccarthy@lanak-hanna.com

Attorneys for Plaintiff
SURETEC INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURETEC INSURANCE COMPANY, a Texas corporation,<br><br>            Plaintiff,<br><br>v.<br><br>QWEST ENGINEERING, INC., a California corporation;<br>VANGUARD EQUIPMENT RENTALS, a California corporation,<br>BRAD ZIMMERMAN, an individual;<br>JUDY ZIMMERMAN, an individual;<br>TIMOTHY BELL, an individual;<br>LAURA BELL, an individual,<br><br>            Defendants. | CASE NO.:<br><br>**COMPLAINT FOR:**<br><br>   1. **BREACH OF CONTRACT**<br>   2. **SPECIFIC PERFORMANCE**<br>   3. **STATUTORY REIMBURSEMENT**<br>   4. **DECLARATORY RELIEF**<br>   5. **QUIA TIMET**<br><br>**JURY DEMAND** |

# COMPLAINT

Plaintiff, SURETEC INSURANCE COMPANY, a Texas corporation, states as follows:

## PARTIES

1. Plaintiff, SURETEC INSURANCE COMPANY, a Texas corporation, ("SURETEC") is a Texas corporation with its principal place of business in Houston, Texas.

2. Defendant, QWEST ENGINEERING, INC., a California corporation ("QWEST"), is a California corporation with its principal place of business at 692 N Cypress St, Suite B, Orange, CA 92867.

3. Defendant, VANGUARD EQUIPMENT RENTALS, a California corporation ("VANGUARD"), a California corporation, with its principal place of business at 692 N Cypress St, Suite B, Orange, CA 92867.

4. Defendant, BRAD ZIMMERMAN, an individual ("BRAD ZIMMERMAN") is an individual residing in the County of Orange, State of California.

5. Defendant, JUDY ZIMMERMAN, an individual ("JUDY ZIMMERMAN") is an individual residing in the County of Orange, State of California.

6. Defendant, TIMOTHY BELL, an individual ("TIMOTHY BELL") is an individual residing in the County of Orange, State of California.

7. Defendant, LAURA BELL, an individual ("LAURA BELL"), is an individual, residing in the County of Orange, State of California.

## JURISDICTION AND VENUE

8. This Court has diversity jurisdiction of this action under 28 U.S.C. §1332(a)(1), because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

9. Venue of this action in this Court is proper under 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district.

///

## FACTUAL ALLEGATIONS

10. On or about September 20, 2019, QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL, and each of them, entered into a certain General Agreement of Indemnity ("Indemnity Agreement"), as consideration for SURETEC issuing bonds on behalf of QWEST, as principal. A true and correct copy of the Indemnity Agreement is attached hereto as **Exhibit 1** and incorporated herein by reference.

11. QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL (collectively "the Indemnitors") expressly agreed in Paragraph 2 of the Indemnity Agreement as follows:

> "2. The Indemnitors shall indemnify and hold the Company harmless from and against every claim, demand, liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense which the Company may pay, suffer, or incur in consequence of having executed, delivered, or procured the execution of such Bonds, or any renewals or continuations thereof or substitutes therefor, including, but not limited to, court costs, arbitration costs, collection costs and fees, mediation and facilitation fees and expenses, funds disbursement and escrow fees, fees and expenses of attorneys, accountants, adjusters, third party administrators, inspectors, experts, and consultants, whether on salary, employed by affiliates, third party administrators, or co-sureties, on retainer, in-house, or otherwise, and the expense of determining liability, or procuring, or attempting to procure, release from liability, or in bringing suit or claim to interpret or enforce the any of the obligations under the Bonds or of the Indemnitors under this Agreement. In the event the Company deems it necessary to respond to, make an investigation of, settle, defend, or compromise a claim, demand or suit, the Indemnitors acknowledge and agree that all loss, cost, indemnity and expense attendant to such response, investigation, settlement, defense, and compromise, whether incurred internally or otherwise, and whether or not Indemnitor has offered to defend Company, is included as an indemnified expense and shall be paid by Indemnitors to Company on demand. In the event of payments by the Company, an affidavit signed by an officer of Company,

shall be *prima facie* evidence of the amount paid, the propriety and reasonableness thereof, and of the Indemnitors' liability therefor to the Company."

12. Pursuant to Paragraph 3 of the Indemnity Agreement:

"3. Payment of loss or deposit of cash, cash collateral, or other collateral security acceptable to the Company shall be made to the Company by the Indemnitors as soon as liability exists or is asserted against the Company, whether or not the Company shall have made any payment or established any reserve therefor. Such payment shall be equal to the larger of (a) the amount of any reserve set by the Company, or (b) such amount as the Company, in its sole judgment, shall deem sufficient to protect it from loss. The Company shall have the right to use the collateral, or any part thereof, in payment or settlement of any liability, loss or expense for which the Indemnitors would be obligated to indemnify the Company under the terms of this Agreement. If for any reason the Company shall deem it necessary to increase a reserve to cover any possible liability or loss, the Indemnitors will deposit with the Company, immediately upon demand, a sum of money equal to any increase thereof as collateral security to the Company for such liability or loss. The Indemnitors waive, to the fullest extent permitted by law, each and every right that they may have to contest the requirements to provide collateral under this Agreement (such requirements, individually and collectively, the "Collateral Requirement"). The Indemnitors stipulate and agree that the Company will not have an adequate remedy at law should Indemnitors fail to perform the Collateral Requirement and further agree as a result that the Company is entitled to specific performance of the Collateral Requirement. The Company's failure to act to enforce its right to specific performance shall not be construed as a waiver of that right, which right may be enforced at any time at the Company's sole discretion. Indemnitors further agree that this Collateral Requirement shall not limit or be deemed a waiver of the Company's other rights, which it may exercise in its sole discretion, under this Agreement or otherwise to cancel Bond(s), to demand collateral, or to take any other actions the Company deems necessary and/or prudent, in its sole discretion, to mitigate actual or potential Losses under any and all Bonds. The exercise of such additional rights shall not be contingent upon the

Company's enforcement of this provision."

13. Thereafter, in consideration of the Indemnity Agreement and in reliance on each of the Indemnitors' promises to indemnify SURETEC from every claim, demand, liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense, SURETEC, as surety, issued several bonds ("Bonds") on behalf of QWEST, as principal, as follows:

    a. Contractor's Performance Bond No. 5302009 for the Flight Electronic Integration Facility (FEIF) B350 project, in the penal sum of $769,906;

    b. Contractor's Payment Bond No. 5302009 for the Flight Electronic Integration Facility (FEIF) B350 project, in the penal sum of $769,906;

    c. Contractor's Performance Bond No. 4454410 for the MBUSD Music Building and Sitework project, in the penal sum of $162,655; and

    d. Contractor's Payment Bond No. 4454410 for the MBUSD Music Building and Sitework project, in the penal sum of $162,655.

14. Defendants BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL each have a business interest in Defendant QWEST and/or VANGUARD.

15. SURETEC has received claims against the above-referenced performance and payment bonds seeking payment and has incurred and continues to incur losses for payments made on the claims, loss adjusted expense, including but not limited to legal and consulting expense related to the claims.

16. In response to the claims, SURETEC commenced an investigation into the claims and the status of the bonded projects and retained Sage Consultants to review documentation, interview witnesses and assist in the creation of a loss estimate, including existing claims received and has concluded that the SURETEC will suffer at least a $407,318.00 loss on the Bonds it issued for QWEST.

17. Pursuant to the terms of the Indemnity Agreement, on April 11, 2024, SURETEC demanded that Indemnitors post collateral security in the amount of $558,625.66 as a result of claims made against the Bonds and to comply by April 22, 2024.

A true and correct copy of the demand is attached hereto as **Exhibit 2** and incorporated herein by reference.

18. As of June 13, 2024, the Indemnitors failed and refused to perform their obligations to SURETEC as demanded by SURETEC, and are in breach of the Indemnity Agreement.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (BREACH OF WRITTEN CONTRACT)

## (As Against QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL)

19. SURETEC incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 18 of the Complaint.

20. Pursuant to the terms of the Indemnity Agreement, the Indemnitors owed contractual obligations to SURETEC to indemnify SURETEC from all claims, demands, liabilities, costs, loss on the Bonds, and further, to promptly post collateral as requested.

21. SURETEC received claims on the Bonds and has incurred and continues to incur, legal costs and fees.

22. The Indemnitors breached the Indemnity Agreement by among other things, failing and refusing to deposit collateral with SURETEC as demanded by SURETEC, and by failing to indemnify and repay SURETEC for losses it has incurred including, legal costs and fees.

23. As a direct and proximate result of the Indemnitors' breach of the Indemnity Agreement, SURETEC has suffered, and will suffer, damages in the sum of at least $558,625.66, plus additional expenses, including attorney fees and costs, interest as provided by the terms of the Indemnity Agreement.

24. The terms of the Indemnity Agreement also provide for SURETEC to recover attorney's fees and costs if required to seek reimbursement from the Indemnitors.

///

## SECOND CLAIM FOR RELIEF
## (SPECIFIC PERFORMANCE)
## (As Against QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL)

25. SURETEC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 24 above.

26. As set forth above, Indemnitors and SURETEC, and each of them, entered into the Indemnity Agreement on or about September 20, 2019.

27. The consideration set forth in the Indemnity Agreement was and is adequate, just, and reasonable.

28. SURETEC made written demand upon Indemnitors, and each of them, to post with the Surety an amount sufficient to discharge any claim on the Bonds.

29. SURETEC has performed all of the conditions and obligations to be performed on its part under the Indemnity Agreement and the Bonds, except for those conditions waived, excused, or not yet required to be performed.

30. Indemnitors, and each of them, have failed and refused, and continue to fail and refuse to perform as demanded and as previously agreed.

31. SURETEC is entitled to an order granting specific performance of the Indemnity Agreement, including an order directing Indemnitors to indemnify SURETEC and perform pursuant to the terms of the Indemnity Agreement by depositing with SURETEC the sum of at least $585,625.66, plus additional expenses, including attorney fees and costs, interest, among other obligations, as provided by the terms of the Indemnity Agreement.

## THIRD CLAIM FOR RELIEF
## (STATUTORY REIMBURSEMENT)
## (As Against QWEST)

32. SURETEC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 24 above.

33. California Civil Code § 2847 provides:

> If a surety satisfied the principal obligation, or any part thereof, whether with or without legal proceedings, the principal is bound to reimburse what he has disbursed, including necessary costs and expenses. . . .

34. By reason of the foregoing, Defendant and bond principal QWEST is obligated to reimburse SURETEC in full for any and all claim payments and expenses, including attorneys' fees and costs incurred in connection with any and all claims made on the Bonds issued under the Indemnity Agreement, plus interest and costs on said damages. SURETEC is further entitled to recover any additional attorneys' fees and expenses incurred in connection with any and all claims, in an amount according to proof at the time of trial.

## FOURTH CLAIM FOR RELIEF
## (DECLARATORY RELIEF)
### (As Against QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL)

35. SURETEC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 24 above.

36. An actual controversy has arisen and now exists between SURETEC and Indemnitors, and each of them, concerning their respective rights and duties under the Indemnity Agreement, **Exhibit 1**. SURETEC contends that, by virtue of the Indemnity Agreement, Indemnitors, and each of them, are obligated to post collateral security and reimburse SURETEC for any and all losses it has already sustained, and might sustain under the Bonds, including reasonable attorneys' fees and costs heretofore incurred and for reasonable costs which might be incurred in the future as a result of the alleged conduct of Indemnitors, which gave rise to the claims and suits that have been asserted against SURETEC.

37. Indemnitors, and each of them, on the other hand, by virtue of their refusal to honor the contractual obligations herein, contend that the Indemnity Agreement does not

obligate them, nor any of them, to post collateral security and reimburse SURETEC for any losses, including attorneys' fees and costs that SURETEC has sustained and incurred under the Bonds, above mentioned, or to hold SURETEC harmless for any and all damages, judgment, or other awards which may be recovered against SURETEC as a result of the actions of Indemnitors.

38. SURETEC desires a judicial determination of the respective rights and duties of SURETEC and Indemnitors, and each of them, under the Indemnity Agreement, and a declaration that Indemnitors, and each of them, are obligated to post collateral security and to reimburse SURETEC for any losses sustained by it, including attorneys' fees and costs and to hold SURETEC harmless from any and all damages, judgment or other awards which may be obtained against SURETEC as a result of QWEST's alleged wrongful conduct.

39. Such declaration is necessary and appropriate at this time in order that SURETEC may ascertain its rights and duties with respect to the Indemnity Agreement, and with respect to payment of any damages, judgments, or other awards which have already been recovered, and may be recovered against SURETEC as a result of the claims being asserted against it by reason of the Bonds.

## FIFTH CLAIM FOR RELIEF
## (QUIA TIMET)
**(As Against QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL)**

40. SURETEC refers to and incorporates herein by reference as though fully set forth below its allegations contained in Paragraphs 1 through 24 above.

41. QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL are obligated under the doctrine of *Quia Timet* to reimburse SURETEC for all losses and expenses that have been incurred and will be incurred by SURETEC as a consequence of issuance of the Bond.

42. SURETEC believes and fears that based upon QWEST, VANGUARD,

BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL's unwillingness to indemnify SURETEC and his failure to deposit collateral, as required and previously agreed, QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL will further attempt to avoid their obligation to indemnify, hold harmless, and reimburse SURETEC for all losses and expenses that have been incurred and will be incurred by SURETEC as a consequence of issuing the Bond.

43. SURETEC has no adequate remedy at law for the injuries suffered and that it will continue to suffer. SURETEC is informed, believes, and fears, and thereon alleges that QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL has exhibited a willingness to evade their obligations and may transfer assets in derogation of the legal and equitable rights of SURETEC. If QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL are not enjoined immediately from transferring their assets, the assets may be disposed of permanently and QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL will render themselves insolvent, thereby irreparably harming SURETEC.

44. As a direct and proximate result of the conduct of QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL, SURETEC has been damaged and will continue to be damaged so long as QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL is able to evade their obligations to SURETEC and transfer their assets. SURETEC faces damages in the amount of $558,625.66, resulting from QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL's failure and refusal to deposit collateral in this amount as demanded by SURETEC and as previously agreed and required under the Indemnity Agreement, plus costs, expenses, attorneys' fees and interest calculated at the legal rate from the date of loss.

45. SURETEC is entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction, all enjoining QWEST, VANGUARD, BRAD ZIMMERMAN, JUDY ZIMMERMAN, TIMOTHY BELL, and LAURA BELL, as well as their agents, servants, assignees, employees, officers, and all persons or entities acting thereunder, in concert with, or for them, from transferring any assets absent further court order.

**WHEREFORE**, SURETEC respectfully requests that the Court grant judgment in its favor and against all Indemnitors as follows:

### FIRST CLAIM FOR RELIEF

1. For judgment against Indemnitors, and each of them, for damages in the amount of at least $558,625.66, plus interest at the legal rate.

### SECOND CLAIM FOR RELIEF

2. For a judgment of this Court of specific performance, ordering Indemnitors, and each of them, to indemnify and reimburse SURETEC and perform pursuant to the terms of the Indemnity Agreement to deposit with SURETEC an amount sufficient to discharge any claim on the Bonds, among other obligations set forth in the Indemnity Agreement.

### THIRD CLAIM FOR RELIEF

3. For judgment against QWEST, and each of them, for damages in an amount according to proof at the time of trial.

### FOURTH CLAIM FOR RELIEF

4. For a declaration that the Indemnity Agreement between SURETEC and Indemnitors, and each of them, obligates Indemnitors, and each of them, to post collateral security and to reimburse SURETEC for any losses it might sustain by reason of the claims being asserted against its bond including actual attorneys' fees and costs incurred by SURETEC in defending itself against said claims, prosecuting this claim against Indemnitors and to indemnify SURETEC against any and all damages, judgments, or other awards which may be recovered against SURETEC as a result of the actions of QWEST.

### FIFTH CLAIM FOR RELIEF

5. A temporary restraining order, preliminary injunction, and permanent injunction enjoining Indemnitors, their agents, servants, employees, officers and assigns, and each of them, from transferring any assets absent further court order.

### ON ALL CLAIMS FOR RELIEF:

6. For costs of suit incurred herein;

7. For reasonable attorneys' fees; and

8. For such other relief as the Court may deem just and proper.

DATED: June 21, 2024         Respectfully submitted,
                             LANAK & HANNA, P.C.


                             By:  /s/Colin K. McCarthy
                                  COLIN K. MCCARTHY

                             Attorneys for Plaintiff
                             SURETEC INSURANCE COMPANY
                             Email: ckmcarthy@lanak-hanna.com

### JURY DEMAND

SURETEC demands trial by jury on all issues so triable.

DATED: June 21, 2024         Respectfully submitted,
                             LANAK & HANNA, P.C.


                             By:  /s/Colin K. McCarthy
                                  COLIN K. MCCARTHY

                             Attorneys for Plaintiff
                             SURETEC INSURANCE COMPANY
                             Email: ckmcarthy@lanak-hanna.com