Colin K. McCarthy, Esq. SBN: 215059
David R. Johnson, Esq. SBN: 174883
Tyler P. Doremus, Esq. SBN: 351215
Members of
**LANAK & HANNA PC**
1851 East First Street Suite 700
Santa Ana, CA 92705
Telephone: (714) 620-2350
ckmccarthy@lanak-hanna.com
drjohnson@lanak-hanna.com
tpdoremus@lanak-hanna.com

Attorneys for Plaintiff
SURETEC INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURETEC INSURANCE COMPANY, a Texas corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>QWEST ENGINEERING, INC., a California corporation;<br>VANGUARD EQUIPMENT RENTALS, a California corporation,<br>BRAD ZIMMERMAN, an individual;<br>JUDY ZIMMERMAN, an individual;<br>TIMOTHY BELL, an individual;<br>LAURA BELL, an individual,<br><br>*Defendants.* | CASE NO.: 8:24-cv-01332-JVS-KES<br><br>*Assigned to the Honorable James V. Selna, Department 10C*<br><br>**BRIEF IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST DEFENDANTS QWEST ENGINEERING, INC., VANGUARD EQUIPMENT RENTALS, TIMOTHY BELL, AND LAURA BELL**<br><br>[*Filed concurrently with Application for Default Judgment, Declaration of Sirapi Arpi Mnatsakanyan, Declaration of David R. Johnson, and [Proposed] Order Against all Defaulted Defendants*]<br><br>**Date:** September 22, 2025<br>**Time:** 1:30 pm<br>**Department:** 10C |

///

///

1

**BRIEF IN SUPPORT OF APPLICATION FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff SURETEC INSURANCE COMPANY ("**SureTec**") submits the following Brief in Support of SureTec's Applications for Entry of Default Judgment, and requests that this Court enter Default Judgement against Defendant QWEST ENGINEERING, INC. ("**Qwest**"), VANGUARD EQUIPMENT RENTALS ("**Vanguard**"), TIMOTHY BELL ("**Mr. Bell**"), and LAURA BELL ("**Ms. Bell**" collectively "**Defendants**").  Defendants were properly served with SureTec's Summons and Complaint, Proofs of Service were filed with the Court, and Defendants all failed to file an Answer or other responsive pleading within the time frame set forth in Fed. R. Civ. P. 12(a)(1).  Default has been entered by the Clerk against Qwest, Vanguard, Mr. Bell, and Ms. Bell, and SureTec now seeks default judgment by the Court as to all of the aforementioned Defendants.

I. **LEGAL STANDARD**

A. **Default Judgment**

Fed. R. Civ. P. 55(a) governs defaults, which provides that default may be entered "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise."  Default Judgments are governed by Fed. R. Civ. P. 55(b)(2), which provides for entry of the default judgment once default is entered after a court conducts an account, determines the amount of damages, establishes the truth of any allegations by evidence, or investigates any other matter.  It is axiomatic that "[w]ell-pleaded allegations are taken as admitted on a default judgment." *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986).

The court's decision on an application for default judgment is reviewed for an abuse of discretion. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 852 (9th Cir. 2007); *Rancho Mountain Properties, Inc. v. Gray*, 578 F. App'x 662, 663 (9th Cir. 2014).  In considering an application for default judgment, a court may consider several factors including: "(1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring

decisions on the merits." *Wecosign, Inc. v. IFG Holdings, Inc.*, 845 F. Supp. 2d 1072, 1078 (C.D. Cal. 2012) (quoting *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)); *see also Fulwider Patton LLP v. Accentra, Inc.*, No. 2:14-CV-08687-ODW, 2015 WL 1285362, at *2 (C.D. Cal. Mar. 20, 2015).

When defendants fail to respond at all, factors 1, 5, 6, and 7 weigh in favor of entry of a default judgment. In particular, the plaintiff would be prejudiced if default judgment were not entered, the possibility of a dispute as to material facts is remote, excusable neglect is not shown because the defendants have not answered at all, and a decision on the merits is impossible when the defendants take no part in the action. *Moroccanoil, Inc. v. Allstate Beauty Products, Inc.*, 847 F. Supp. 2d 1197, 1200-03 (C.D. Cal. 2012). Factor 4, the sum of money at stake, is satisfied when the recovery sought is consistent with the allegations of the complaint. *Id.* When entering default judgment, a court may "rely on declarations submitted by the parties, so long as notice of the amount requested is provided to the defaulting party." *Wecosign*, 845 F. Supp. 2d at 1079 (citing C.D. Cal. R. 55-2).

**B.     Governing Law**

In an action based on diversity, federal courts are to apply state substantive law and federal procedural law. *Hanna* v. *Plumer,* 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co.* v. *Tompkins*, 304 U.S. 64, 58 (1938)). The task of a federal court sitting in a diversity action is to approximate state law as closely as possible. See *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980). In this case, the Indemnity Agreement and Bonds at issue were executed and issued in this judicial district and the action is based on diversity. Therefore, California substantive law should apply to SureTec's causes of action set forth in the Complaint. See Restatement 2d, Conflict of Laws, section 145.

///
///
///
///
///

### C. Breach of Contract

The elements required for a Breach of Contract claim are: that SureTec and Defendants entered into a contract; that SureTec did all, or substantially all, of the significant things that the contract required it to do, or was excused from doing those things; that all conditions required by the contract for Defendants' performance have occurred or were excused; that Defendants failed to do something that the contract required them to do; that SureTec was harmed by that failure; and the amount of harm suffered by SureTec as a result of that failure. See *Oasis West Realty, LLC v. Goldman*, 51 Cal.4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.*, 68 Cal.2d 822, 830 (1968)).

As clearly set forth in the Complaint and the supporting declarations filed concurrently with this Motion, Defendants breached the terms of the General Agreement of Indemnity ("**Indemnity Agreement**") entered into between SureTec and Defendants by failing to indemnify or reimburse SureTec for damages incurred by SureTec under the Indemnity Agreement. Therefore, SureTec is entitled to a default judgment against Defendants.

## II. FACTS SUPPORTING ENTRY OF DEFAULT JUDGMENT

On or about September 20, 2019, Defendants entered into the Indemnity Agreement with SureTec as consideration for SureTec issuing bonds on behalf of Qwest, as principal (Declarations of Sirarpi Arpi Mnatsakanyan ("**Arpi Decl.**") ¶ 5).

SureTec thereafter issued the Bonds on behalf of Qwest pursuant to the Indemnity Agreement (Arpi Decl. ¶ 6). After claims were made against the Bonds, SureTec demanded that Defendants post collateral security pursuant to the terms of the Indemnity Agreement (Arpi Decl. ¶ 7-8). Defendants refused, and SureTec was forced to pay $435,110.00 under the Bonds (Arpi Decl. ¶ 9-10). Defendants further refused to indemnify or reimburse SureTec for the damages incurred by SureTec under the Bonds (Arpi Decl. ¶ 11).

///

SureTec filed its Complaint against Defendants on June 18, 2024 (Dkt. 1). Qwest (Dkt. 24), Vanguard (Dkt. 25), Mr. Bell (Dkt. 27), and Ms. Bell (Dkt. 26) were served with the Summons and Complaint and subsequently failed to respond to the Complaint. Default was entered against Qwest (Dkt. 31), Vanguard (Dkt. 32), Mr. Bell (Dkt. 42), and Ms. Bell Dkt. 43) by the Clerk.

### III.   ARGUMENT

Despite having been duly served the Summons and Complaint, Defendants failed to file any responsive pleading. Because Defendants failed to defend or otherwise plead in response to the Complaint, default was entered by the Clerk against Qwest, Vanguard, Mr. Bell, and Ms. Bell pursuant to Fed. R. Civ. P. 55(a). Considering Defendants' complete lack of response, *Eitel* factors 1, 5, 6, and 7 weigh in favor of default judgment.

*Eitel* factors 2 and 3 (merits of SureTec's claims) also weigh in favor of default judgment. For purposes of this application, the facts stated in SureTec's Complaint are accepted to be true. *Benny*, 799 F.2d at 495. The Complaint establishes that Defendants entered into an Indemnity Agreement and breached said agreement by failing to indemnify and repay SureTec for losses incurred by SureTec under the Indemnity Agreement.

The Court may enter default judgment against Defendants on the basis of a declaration establishing the sum of damages incurred by SureTec. *Wecosign*, 845 F. Supp. 2d at 1079 (citing C.D. Cal. R. 55-2). SureTec has filed concurrently a declaration executed by Sirarpi Arpi Mnatsakanyan, Claims Counsel for SureTec, which establishes that Defendants failed and refused to reimburse SureTec for damages arising from the Indemnity Agreement, and that SureTec's total damages arising from Defendants' breach are $435,110.00. This amount is consistent with SureTec's Complaint. Additionally, by the terms of the Indemnity Agreement and as set forth in the Complaint, SureTec is entitled to recover attorney's fees and costs in seeking reimbursement from Defendants.

///

///

///

As such, SureTec respectfully requests that this Court enter default judgment against Defendants in the principal amount of $435,110.00, plus interest of $31,951.96, and attorneys' fees and costs of $92,138.48, for a total of $559,200.44.

DATED:  August 12, 2025                                **LANAK & HANNA PC**

By: _____
David R. Johnson, Esq.
Attorneys for Plaintiff
SURETEC INSURANCE COMPANY