UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

Proceedings: **[IN CHAMBERS] Order Regarding Motions for Default Judgment [69, 70, 71, 72] and Attorney Fees [62]**

Before the Court is Plaintiff SureTec Insurance Company's ("SureTec") motion for default judgment (Mot. for Default Judgment, Dkt. No. 68) and motion for attorney's fees (Mot. for Attorneys' Fees, Dkt. No. 62).[1] Defendants Qwest Engineering Inc. ("Qwest"), Vanguard Equipment Rentals ("Vanguard"), Laura Bell and Timothy Bell (together, the "Bells"), Brad Zimmerman and Judy Zimmerman (together, the "Zimmermans") (collectively, "Defendants") do not oppose default judgment or attorneys' fees.

For the following reasons, the Court **GRANTS** the motion.

## I. BACKGROUND

### A. Factual Background

Unless otherwise stated, the following background is taken from the Summary Judgment Order issued on May 7, 2025. On September 20, 2019, Defendants all entered into an Indemnity Agreement with SureTec. (Summary Judgment Order at 1.)

Under the terms of the Indemnity Agreement, SureTec issued four bonds on behalf

---

[1] SureTec filed individual applications for default judgment against each individual defendant. (See App. for Default J. against Qwest, Dkt. No. 69; App. for Default J. against Vanguard, Dkt. No. 70; App. for Default J. against Timothy Bell, Dkt. No. 71; App. for Default J. against Laura Bell, Dkt. No. 72.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

of Qwest as principal. (Id. at 2.) As consideration for the bonds, all six Defendants promised to indemnify SureTec from every claim, demand, liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense that SureTec may incur for issuing the bonds. (Id.)

Various claims were subsequently made against SureTec's bonds. (Id.) Specifically, C5 Equipment Rentals, LLC ("C5") and McCarthy Building Companies, Inc. ("McCarthy") each brought claims against SureTec. (Id.) Thereafter, SureTec began investigating the status of the bonded projects. (Id.) As part of its investigation, SureTec retained a construction consultant, Sage Associates, Inc., to assist in the loss assessment. (Id.) SureTec now seeks recovery from Defendants for its investigation and settling of the bonds.

### B. Procedural Background

On June 18, 2024, SureTec filed its Complaint. (Dkt. No. 1.) By July 31, 2024, default had been entered on Vanguard and Qwest. (Dkt. Nos. 31–32.) On October 18, the clerk entered default against the Bells. (Dkt. Nos. 42–43.) However, SureTec did not file an application for default judgment on these defaulting parties.

On March 26, 2025, SureTec filed a motion for summary judgment against the only Defendants to answer the Complaint: the Zimmermans. (Dkt. No. 57.) On May 7, 2025, the Court granted summary judgment in favor of SureTec and against the Zimmermans on its claims for breach of contract, specific performance, and declaratory judgment. (Dkt. No. 60.) The Court denied the MSJ as to *quia timet* and statutory reimbursement. (Id.) The Court awarded SureTec $435,110.00 as owed under the indemnity agreement. (Id.)

Following summary judgment, SureTec moved for attorneys' fees in this case. However, because default judgment had not yet been entered against all Defendants, and because of the potential for joint and several liability, the Court ordered SureTec to seek default judgment against the remaining defaulted parties. On August 12, 2025, SureTec filed motions for default judgment on the remaining Defendants in this lawsuit. (See Dkt. Nos. 69–72.) Contemporaneous with these applications for default, the Court will consider the motion for attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01332-JVS-KES                         Date  September 5, 2025

Title     SureTec Insurance Company v. Qwest Engineering, Inc. et. al.

## II. LEGAL STANDARD

*A.   Default Judgment*

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

    1.   Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure.  Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint.  Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form.  Fed. R. Civ. P. 55(a).  Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party.  Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1.  To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against whom the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative," (4) whether the Servicemembers Civil Relief Act applies; and (5) whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2).  L.R. 55-1.

    2.   Substantive Requirements

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992).

### 3. Default Judgment Against Multiple Defendants

The Federal Rules of Civil Procedure state that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The Ninth Circuit has further explained that "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants." Neilson v. Chang (In re First T.D. & Inv. Inc.), 253 F.3d 520, 532 (9th Cir. 2001) (summarizing the Supreme Court's holding in Frow v. De La Vega, 82 U.S. 552 (1872)). "The purpose of this well-established rule is, of course, to avoid inconsistent judgments against defaulting defendants and the remaining defendants." Mason v. City of Lake Forest Park, No. C13-0676, 2014 WL 4093933, at *3 (W.D. Wash. Aug. 18, 2014).

The Ninth Circuit has extended the Frow principle to multi-defendant cases involving defendants who are not jointly and severally liable but are nonetheless similarly situated because a default judgment against only some defendants in this context would also be "incongruous and unfair." See In re First T.D. & Inv. Inc., 253 F.3d at 532. Courts in the Ninth Circuit have since applied the Frow principle in cases where defendants are similarly situated because plaintiffs alleged that the defendants jointly engaged in unlawful conduct. See Shippam v. Rapid Link Corp., No. 11-cv-2800,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01332-JVS-KES                                    Date   September 5, 2025

Title   SureTec Insurance Company v. Qwest Engineering, Inc. et. al.

2012 WL 1855171, at *2 (E.D. Cal. May 21, 2012) (concluding that default judgment against one defendant in a multi-defendant case was improper in part because plaintiffs alleged defendants conspired to defraud plaintiffs); see also Lyon v. Or. State Hosp., No. 20-cv-1883, 2021 WL 12159511, at *2 (D. Or. Nov. 16, 2021) (holding that default judgment against one defendant in a multi-defendant case was improper where plaintiff's case against defendants "rest[ed] on at least some of the same legal theories").

    B.    *Attorneys' Fees*

Under Federal Rule of Civil Procedure 54(d)(2), a district court has the discretion to award "costs" to the "prevailing party" unless a substantive statute provides otherwise. Fed. R. Civ. P. 54(d)(2); Marx v. Gen. Revenue Corp., 568 U.S. 371, 373 (2013). A party is "prevailing" when it either receives a judgment on the merits in its favor or a consent decree. Buckhannon Bd. & Care Homes, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001).[2] Rule 54(d)(1) allows for costs to be awarded to the prevailing party. Fed. R. Civ. P. 54(d)(1).

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007). In California, reasonable attorneys' fees authorized by contract are awarded to the prevailing party "as fixed by the court." Cal. Civ. Code § 1717(a). Further, under California law, attorneys fees, when authorized by contract, statute, or law, are recoverable as an element of costs. Cal. Civ. Proc. § 1033.5(a)(10); Allstate Ins. Co. v. Loo, 46 Cal. App. 4th 1794, 1797 (1996). Attorney fees based on a contractual provision need not be pled in the Complaint. Chinn v. KMR Property Mgmt., 166 Cal. App. 4th 175, 194 (2008).

### III. DISCUSSION

    A.    *Default Judgment*

---

[2] The term judgment applies broadly to include "any order from which an appeal lies." Orr v. Plumb, 884 F.3d 923, 928 (9th Cir. 2018); Fed. R. Civ. P. 54(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

SureTec moves for default judgment against four Defendants: Qwest, Vanguard, Laura Bell, and Timothy Bell.  The Zimmermans, who answered the Complaint, lost at summary judgment.

        1.      Procedural Requirements

SureTec has satisfied the procedural requirements for a default judgment against all Defendants.  First, the request for damages is *less* than the amount stated in the Complaint, and the request for attorneys' fees and costs are the same.[3]  Second, each defaulting Defendants has been served with a motion for default.  (Dkt. No. 68-1.)  Finally, the clerk has entered default against all Defendants.  (Dkt. Nos. 31, 32, 42, 43.)

Additionally, SureTec has satisfied Local Rule 55-1.  Namely, each application for default judgment includes a declaration attesting when and whom the clerk entered default against, the pleading on which default was entered, that none of the Defendants are incompetent, infant, military, or otherwise exempt under the Servicemembers Civil Relief Act.  (Decl. of David R. Johnson ("Johnson Decl."), Dkt. Nos, 69-3, 70-3, 71-3, 72-3 ¶¶ 2–7.)

        2.      Substantive Requirements

All Eitel factors weigh in favor of granting default judgment.  Thus, SureTec has satisfied the substantive requirements of default judgment.

        **a.**      **Possibility of Prejudice to the SEC**

Under the first Eitel factor, the Court considers the possibility of prejudice to the plaintiff.  Eitel, 782 F. 2d at 1472.  A plaintiff would be prejudiced by a court's refusal to enter default judgment if the plaintiff would then have no other recourse for recovery.  PepsiCo, Inc., 238 F. Supp. 2d at 1177.  In this case, SureTec would be substantially prejudiced without default judgment.  None of the defaulting Defendants have responded

---

[3] This is a result of the Court striking some of the damages portions in its Summary Judgment Order against the Zimmermans.  It appears that, consistent with the Court's Order, SureTec is seeking default judgment against the remaining Defendants in the same amount as the remedy awarded by the Court at summary judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

in this case and the Court has made clear that SureTec cannot recover attorneys' fees or costs without judgment entered against all Defendants. Thus, the first Eitel factor favors default judgment.

### b. Merits of the SEC's Substantive Claim and Sufficiency of the Complaint

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)). Factual allegations in the Complaint, aside from those related to damages, are assumed to be true for the purposes of default judgment. PepsiCo, Inc., 238 F. Supp. 2d at 1176.

The Court has previously addressed the merits of this case. Indeed, in its motion for summary judgment, the Court addressed all five claims, granting three claims and denying two. (Summary Judgment Order at 1–11.) While the Summary Judgment Order was specific to the Zimmermans, the remaining Defendants are in the same position as the Zimmermans. Namely, each Defendant signed the Indemnity Agreement that formed the basis for liability for breach of contract, specific performance, and declaratory relief. (Decl. of Sirappi Arpi Mnatsakanyan ("Arpi Decl."), Dkt. No. 69-1, Ex. A.) SureTec performed on the contract and each Defendant breached the contract. (Compl., Dkt. No. 1 ¶¶ 22–24; Arpi Decl. ¶ 9.) As a result of the Defendants' collective actions, SureTec incurred $435,110.00. (Summary Judgment Order at 7–8; Arpi Decl. ¶ 10.)

Accordingly, the Court finds that the second and third factors weigh heavily in favor of default judgment.

### c. Sum of Money at Stake

The fourth Eitel factor considers "the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176. The Court finds that the requested remedy, $435,110.00 is reasonable and proportionate under the circumstances. As noted earlier, this figure represents a lesser value of damages than what SureTec sought in its complaint. This is likely a result of the Court's finding at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

summary judgment that SureTec was entitled to $435,110, but not the additional $57,213.03 in investigation and legal expenses that remained unproven at the time. (Summary Judgment Order at 7–8.) Thus, the Court finds that the damages are proportional to the breach of contract.

### d.   Possibility of a Dispute Regarding Material Facts

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope, 323 U.S. at 12; Geddes, 559 F.2d at 560. Here, the defaulting Defendants have not responded to any of the factual allegations. Additionally, these factual allegations are assumed to be true and appear to be substantially supported by the undisputed evidence in the record. Accordingly, the Court finds that this factor weighs in favor of granting default judgment.

### e.   Excusable Neglect

The sixth Eitel factor favors default judgment when the defendant has been properly served." Wecosign, Inc. v. IFG Holdings, Inc., 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012) (citing Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 922 (C.D. Cal. 2010)). In this case, the defaulting Defendants have not made an appearance despite numerous opportunities to do so. Additionally, SureTec has served Defendants with the Complaint, Summons, Entry of Default, and Applications for Default Judgment. (Mot. for Default Judgment at 5.) Thus, this factor favors default judgment.

### f.   Policy Favoring Decision on the Merits

"Cases should be decided on their merits wherever possible." Eitel, 782 F.2d at 1472. However, failure to appear makes it impractical for the Court to make a decision on the merits. Penpower Tech. Ltd. v. S.P.C. Tech., 627 F.2d 1083, 1093 (N.D. Cal. 2008). Because the defaulting Defendants have not appeared in this action, the seventh Eitel factor supports default judgment.

Accordingly, the Court **GRANTS** default judgment against Laura Bell, Timothy Bell, Vanguard, and Qwest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   8:24-cv-01332-JVS-KES   Date   September 5, 2025

Title   SureTec Insurance Company v. Qwest Engineering, Inc. et. al.

B.   Attorney Fees

SureTec brings the following motion to request $92,138.48 in attorneys' fees and costs. As stated in Paragraph 2 of the Indemnity Agreement:

> Indemnitors shall indemnify and hold the Company harmless from and against every . . . liability, cost, loss, charge, suit, judgment, award, fine, penalty, and expense which the Company may pay, . . . in consequence of having executed, delivered, or procured the execution of such Bonds . . . including, but not limited to, court costs, arbitration costs, collection costs and fees, . . . fees and expenses of attorneys, accountants, adjusters, third party administrators, inspectors, experts, and consultants[.]

(Decl. of Sirarpi Arpi Mnatsakanyan ("Arpi Decl."), Dkt. No. 62-1, Ex. A at 1.)

The contract here is unambiguous that SureTec is entitled to attorney fees and costs related to its investigation and settling the claims against the Bonds and bringing the underlying action against Defendants. As broken down below, the total costs and fees incurred by SureTec were $92,138.48. The Court finds that pursuant to the Indemnity Agreement, SureTec is entitled to $92,138.48 in costs and fees.

   1.   Investigation and Settling Claims on Bonds

In consideration for indemnifying against losses, liabilities, and harms, SureTec agreed to issue four bonds on behalf of Qwest. (See Summary Judgment Order at 6.) SureTec performed on the contract. (Id.) Multiple claims were made against the Bonds, including claims by C5 and McCarthy. (Id. at 6–7.)

SureTec was forced to investigate the claims made against the Bonds. (Id. at 7.) In total, SureTec incurred costs of $31,456.15 to retain Sage Associates, Inc. ("Sage") to investigate and evaluate the claims made on the bonds. (Arpi. Decl. ¶ 8, Ex. B.) The Court agrees that all of these fees are recoverable under the terms of the Indemnity Agreement.

SureTec also incurred attorneys fees from Lanak & Hanna PC for its investigation and settlement of the claims against the Bonds. (Arpi Decl. ¶ 12.) These fees total

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

$7,513.97.  (Decl. of David R. Johnson ("Johnson Decl."), Dkt. No. 62-4, Exs. 1–2.)  Once again, the Court finds that these attorney fees are recoverable under the terms of the Indemnity Agreement.

In total, SureTec is entitled to $38,970.12 for its work investigating and settling the claims against the Bonds.

       2.      <u>Attorney Fees for Litigating Case</u>

SureTec further argues that it is entitled to recover the full amount of attorneys' fees, $51,333.00, and $1,835.36 costs associated with bringing the suit.  The Court agrees that SureTec is entitled to recovery for attorney fees and costs.  SureTec prevailed at summary judgment and the terms of the Indemnity Agreement unambiguously allow for recovery of attorney fees and costs.  (Arpi Decl., Ex. A at 1.)

Accordingly, SureTec is entitled to recover both fees and costs for investigating and settling the claims against the bonds and for attorney fees and costs for litigating the case.

       3.      <u>SureTec's Attorney Fees are Reasonable</u>

The prevailing party in an action to enforce a contract may recover reasonable attorney's fees where the contract expressly provides for it.  Cal. Civ. Code § 1717; <u>Hannon v. Sec. Nat. Bank</u>, 537 F.2d 327, 328 (9th Cir. 1976).

When calculating reasonable attorney's fees using the lodestar method, the Court must consider both the reasonableness of the hourly billing rate and the number of hours required.  <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983).  Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, "California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent."  <u>Syers Properties III, Inc. v. Rankin</u>, 226 Cal. App. 4th 691, 698 (2014).  The prevailing party seeking attorney's fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable.  <u>Hensley</u>, 461 U.S., at 437 n.12.  This limited obligation reflects the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 8:24-cv-01332-JVS-KES | Date | September 5, 2025 |
|---|---|---|---|
| Title | SureTec Insurance Company v. Qwest Engineering, Inc. et. al. | | |

broader policy that a "request for attorney's fees should not result in a second major litigation." Id. at 437.

As discussed SureTec is entitled to attorneys' fees and costs according to the Indemnity Agreement. SureTec provides the Court with an excel spreadsheet of the attorney fees calculations, including hours billed, hourly rates, and a description of the work conducted. (Johnson Decl., Exs. 1–2.) The Court has reviewed Exhibits 1 and 2 and finds that the hours billed were reasonable and necessary to settle the claims and bring the underlying action. Lanak & Hanna PC's paralegal billing rates and time charged to SureTec were $205.00 per hour. (Johnson Decl. ¶ 7.) The attorney billing rates ranged from $325.00 per hour for a junior associate and $350.00 per hour for Colin K. McCarthy, a Principal of Lanak & Hanna PC. (Id.) These hourly rates are reasonable and comparable to fees in the Orange County community. (Id. ¶ 16.)

Accordingly, SureTec is entitled to $92,138.48 in attorneys' fees.

### 4. SureTec is Entitled to Pre-Judgment Interest

"Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." Y.Y.G.M., 75 F.4th at 1008 (citing West Virginia v. United States, 479 U.S. 305, 310 n.2 (1987)). Prejudgment interest is discretionary under California law. See Canavin v. Pac. Southwest Airlines, 148 Cal. App. 3d 512, 525 (1983); accord Western Pac. Fisheries v. SS President Grant, 730 F.2d 1280, 1288 (9th Cir. 1984).

Under California law, Cal Civ. Code § 3287 governs the award of prejudgment interest for breach of contract. Section 3287(a) governs the interest on sum certain damages while § 3287(b) covers damages for breach of contract for an unliquidated sum. Cal. Civ. Code § 3287(a)–(b); Golden State Transit Corp. v. City of Los Angeles, 773 F. Supp. 204, 213 (C.D. Cal. 1991).

The Court finds that § 3287(a) governs the case at hand. Section 3287(a) applies where "there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." See Canavin, 148 Cal. App. 3d at 524 (quoting

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. 8:24-cv-01332-JVS-KES                              Date    September 5, 2025

Title    SureTec Insurance Company v. Qwest Engineering, Inc. et. al.

Esgro Central, Inc. v. General Ins. Co. of Am., Inc., 20 Cal. App. 3d 1054, 1060 (1971)). Such is the case here, where the bond amounts were fixed and the only dispute that would arise had Defendants opposed would be the question of liability under the contract.[4]  But see Benton v. Cravens, Dargan & Co., 188 Cal. App. 2d 637, 645 (1961) (finding that prejudgment interest on an insurance policy was unsupported where the value of a tractor varied).

Under § 3287(a), SureTec is entitled to recover prejudgment interest. This amount should be equal to the amount agreed upon in the Indemnity Agreement. Esgro Central, 20 Cal. App. 3d at 1063. Pursuant to the Indemnity Agreement, the interest rate is equal to the lesser of ten percent (10%) or the Highest Lawful Rate as defined in the contract. (Indemnity Agreement, Dkt. No. 62-2 at pdf page 4.)

The principal amount ($435,110.00) must be separately allocated to its two respective bonds, which begin accruing interest at different times. Starting with the MBUSD Payment Bond ($15,291.00), which was executed on January 18, 2024 (Dkt. No. 57-9 at 3), SureTec is entitled to total interest of $2,392.10.[5]  (Johnson Decl. Ex. 1.) With respect to the FIEF Performance Bond ($419,819.00), which was executed on November 27, 2024 (Dkt. No. 57-9 at 2), SureTec is entitled to total interest of $29,559.86. (Johnson Decl. Ex. 1.) In total, SureTec is entitled to $31,951.96 in prejudgment interest.

Accordingly, the Court **GRANTS** SureTec's reasonable request for attorneys' fees in the amount of $92,138.48 and interest on damages in the amount of $31,951.96 pursuant to the terms of the Indemnity Agreement.

C.    *Entry of Judgment*

On May 7, 2025, the Court granted summary judgment in favor of SureTec on its claims for breach of contract, specific performance, and declaratory relief against the

---

[4] The Court notes that even if § 3287(b) were to apply, the Court would exercise its discretion under the statute to fix the amount of prejudgment interest at 10% to reflect the parties mutual intent as established in the Indemnity Agreement.

[5] This reflects the principal $15,291.00 x 10% annual interest over a 571 day period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  8:24-cv-01332-JVS-KES　　　　　　　　　　Date  September 5, 2025

Title  <u>SureTec Insurance Company v. Qwest Engineering, Inc. et. al.</u>

Zimmermans.  (Dkt. No. 60.)  The Court in this Order has now granted default judgment against the remaining Defendants.  Accordingly,  judgment is proper.  The Court directs SureTec to file a proposed judgment consistent with this Order that supplies $435,110.00 in damages, $31,951.96 in interest, and $92,138.48 in attorney fees, within seven (7) days of the issuance of this Order.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the motion.

**IT IS SO ORDERED.**